FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 0 6 2013

JAMES W. McCORMACK, CLERK
By:_____Sous_____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

WILLIE ATKINS     PLAINTIFF

VS.     NO. 4:13 cv 116 SWW

SERGEANT DAVID MILLER, OFFICER JON HAYDON,
CORPORAL JOSEPH MILLS, OFFICER TRACY GAY,
CHIEF OF POLICE MARK KAISER AND THE CITY
OF BRYANT, ARKANSAS     DEFENDANTS

## COMPLAINT

1. This is a civil action for damages brought pursuant to the United States Constitution and 42 U.S.C. §1983 resulting from deprivations, under color of law, of Plaintiff's rights under the Fourth, Fifth, Sixth, and Eighth Amendments to the United States Constitution and for tortious behavior under Arkansas state law.

This case assigned to District Judge Wright
and to Magistrate Judge Ray

2. This Court has jurisdiction over these claims pursuant to Article III, section 1 of the Constitution and 28 U.S.C. §§ 1331, 1332 and 1343. Plaintiff also invokes the pendent jurisdiction of this Court to decide the asserted statutory and common law tort claims. The amount in controversy exceeds $10,000.00 excluding interest and costs.

3. Venue is properly established in this judicial district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Willie Atkins, the Plaintiff is a citizen of the United States and a resident of Little Rock, Arkansas.

5. David Miller, a Defendant, was at all times relevant to the incidents which are the subject of this lawsuit, an officer of the Bryant Police Department. The acts of Defendant Miller which are the subject of this lawsuit were undertaken in the regular course of his employment for

Defendant Municipality. He is sued both individually and in his official capacity. Upon information and belief, Defendant Miller is a resident of Bryant, Arkansas.

6. Jon Haydon, a Defendant, was at all times relevant to the incidents which are the subject of this lawsuit, an officer of the Bryant Police Department. The acts of Defendant Haydon which are the subject of this lawsuit were undertaken in the regular course of his employment for Defendant Municipality. He is sued both individually and in his official capacity. Upon information and belief, Defendant Haydon is a resident of Bryant, Arkansas.

7. Joseph Mills, a Defendant, was at all times relevant to the incidents which are the subject of this lawsuit, an officer of the Bryant Police Department. The acts of Defendant Mills which are the subject of this lawsuit were undertaken in the regular course of his employment for Defendant Municipality. He is sued both individually and in his official capacity. Upon information and belief, Defendant Mills is a resident of Bryant, Arkansas.

8. Tracy Gay, a Defendant, was at all times relevant to the incidents which are the subject of this lawsuit, an officer of the Bryant Police Department. The acts of Defendant Gay which are the subject of this lawsuit were undertaken in the regular course of his employment for Defendant Municipality. He is sued both individually and in his official capacity. Upon information and belief, Defendant Gay is a resident of Bryant, Arkansas.

9. Mark Kaiser, a Defendant, was at all times relevant to the incidents which are the subject of this lawsuit, the chief of the Bryant Police Department. As such he is the responsible party for supervising the training, instruction, discipline, control and conduct of Defendant Police Officers. He is also charged with promulgating all orders, rules, instructions and regulations of the Bryant Police Department including but not limited to those orders, rules, instructions and regulations concerning the use of force and of tasers. He also has the authority to approve all

weapons to be used by members of the Bryant Police Department. He is sued both individually and in his official capacity. Upon information and belief, Defendant Police Chief is a resident of Bryant, Arkansas.

10. The City of Bryant is a municipal corporation charged with and responsible for appointing and promoting, the members of the Bryant Police Department and for the supervision, training, instruction, discipline, control and conduct of the Bryant Police Department and its personnel. At all times relevant, Defendant Municipality had the power, right and duty to control the manner in which the individual Defendants carried out the objectives of their employment and to see that all orders, rules, instructions and regulations promulgated for the Bryant Police Department were consistent with the Constitution and the laws of the municipality.

## FACTS

11. The Plaintiff, Willie Atkins suffers with a mental illness, paranoid schizophrenia. On March 9, 2012 Mr. Atkins was disoriented from his illness because the medication he was taking for his illness had not taken its full effect on him.

12. On March 9, 2012 Mr. Atkins was in his vehicle parked on the shoulder of the highway with his lights off. He was disoriented at this time and was unaware of where he was.

13. At this time Defendant Bryant Police Officer David Miller observed Mr. Atkins parked vehicle. He approached the vehicle to determine if there was anything wrong. At that time Plaintiff Atkins got out of his vehicle and began walking from his vehicle.

14. Defendant Miller asked Plaintiff Atkins if he needed assistance and Mr. Atkins did not respond. At this time Defendant Miller believing that Plaintiff Atkins was intoxicated or "high on PCP" attempted to arrest Plaintiff Atkins for public intoxication.

15. Plaintiff Willie Atkins was not intoxicated and there was not probable cause for

Defendant Miller to arrest him for that offense.

16. During the arrest of Plaintiff Atkins, Defendants Miller, Haydon, Mills and Gay repeatedly punched, tasered, and sprayed him with OC spray causing him severe pain, physical injury, and severe mental and emotional distress.

17. During Plaintiff Atkins' arrest he did not strike or attempt to strike the Defendants in any manner.

18. After Mr. Atkins arrest he was taken into custody and delivered to the Saline County Jail where he was held for three days. When he was taken before the Bryant District Court on that third day he was released from custody.

19. During the whole time Plaintiff Atkins was held by the Bryant Police Department and the Saline County Jail no one at the Bryant Police Department or the Saline County Jail made any effort to determine whether Plaintiff Atkins was suffering from a mental illness which would have explained his behavior. Furthermore none of the Defendants made any effort to contact the Plaintiff's family to advise them he was in their custody.

20. Upon information and belief, sometime prior to March 9, 2012 there was either no policy or a defective policy concerning Bryant Police Officers encounters with persons suffering from mental illness and there was no policy or a defective policy concerning the use of force, specifically tasers, to be used on persons suffering from a mental illness.

21. Paragraphs one through 20 are incorporated by reference.

## COUNT I

22. Acting under color of law and the authority of Defendant Municipality, Defendant Police Officers, intentionally, negligently, and with complete and deliberate indifference for Plaintiff's rights caused Plaintiff to be deprived of his constitutional rights, including but not

limited to those under the fourth, fifth, sixth and eighth amendments by:

    a. using a degree of force that was unreasonable under the circumstances, and in violation of Plaintiff's rights to be free of an unreasonable seizure under the fourth amendment;

    b. subjecting Plaintiff to punishment without the benefit of a trial by jury in violation of his rights under the sixth and eighth amendments; and

    c. depriving Plaintiff of his liberty by subjecting him to unwarranted and unreasonable restraints on his person without due process in violation of his rights under the fifth amendment.

23. Defendant Police Chief, under color of law, intentionally, negligently, and with complete and deliberate indifference to Plaintiff's rights, caused Plaintiff to be deprived of his constitutional rights including but not limited to the fourth, fifth, sixth, and eight amendments, by:

    a. failing to supervise properly the training and conduct of Defendant Police Officers;

    b. failing to enforce the laws of Arkansas and the provisions of the Constitution of the United States concerning use of force by members of the police force while making an arrest; and

    c. inadequate supervision of the training and conduct of Defendant Police Officers;

    d. failure to enforce the laws of Arkansas and the provisions of the Constitution of the United States; and

    e. issuance of vague, confusing, and contradictory polices concerning the use of force that are inconsistent with the requirements of the fourth, fifth, sixth, and eighth amendments of the United States Constitution.

24. Defendant Municipality, under color of law, intentionally, negligently, and with complete and deliberate indifference for Plaintiff's rights, authorized, permitted, and tolerated the custom and practice of the unconstitutional and excessive use of force by members of the Bryant

Police Department and, in particular by Defendant Police Officers; by failing to:

    a. appoint, promote, train and supervise members of the Bryant Police Department who would enforce the laws in effect in Arkansas and who would protect the constitutional rights of the people of Arkansas;

    b. require Defendant Police Chief to promulgate procedures and policies for the use of tasers that were consistent with the fourth, fifth, sixth, and eighth amendments of the Constitution, and

    c. by permitting the policy and custom of using unreasonable force to exist and to be followed by the Bryant Police Department, thereby proximately causing the deprivation of Plaintiff's rights under the fourth, fifth, sixth and eight amendments to the United States Constitution.

## COUNT II

25. Paragraphs 1 though 24 are adopted and incorporated by reference.

26. The above described beating by Defendant Police Officers on March 9, 2012 constitute assault and battery against Plaintiff under the laws of Arkansas.

27. As a result of the assault and battery upon his person by Defendant Police Officers, Plaintiff has suffered severe and permanent physical and mental pain and distress.

28. Defendant Police Chief negligently caused the above described injuries to Plaintiff by failing to property train, supervise and control the conduct of Defendant Police Officers.

29. Defendant Municipality negligently caused the above described injuries to Plaintiff by failing to properly train, supervise and control the conduct of Defendant Police Officers.

30. Defendant Municipality, as the employer of Defendant Police Officers and Police Chief is liable under the doctrine of respondeat superior for the tortious conduct of the individual Defendants.

## COUNT III

31. Paragraphs 1 through 30 are adopted and incorporated by reference.

32. The above described beating by Defendant Police Officers on March 9, 2012, constitute negligence and gross negligence under the laws of Arkansas.

33. The conduct of Defendant Police Chief in failing to properly train, supervise and control the conduct of Defendant Police Officers constitutes negligence and gross negligence under the laws of Arkansas.

34. Defendant Municipality, as the employer of Defendants Police Officers and Police Chief, is liable under the doctrine of respondeat superior for the negligent conduct of the individual Defendants.

## COUNT IV

35. Paragraphs one through 34 are adopted and incorporated by reference.

36. That as a result of the assault, battery, and false arrest and imprisonment, Plaintiff Atkins, being a citizen of the United States, was subjected to deprivations of his rights, privileges and immunities secured by the Constitution of the United States and the laws of the United States, sustained deprivations of his personal liberty, invasions of his privacy and violation of his civil rights, has suffered and will continue to suffer from psychological harm, mental distress, humiliation, embarrassment, fear, and defamation of his character.

## COUNT V

37. Paragraphs 1 through 36 are adopted and incorporated by reference.

38. Defendant Police Officers, in tasering Plaintiff several times with their Bryant Police Department issued tasers acted in an extreme and outrageous manner, intentionally and with reckless disregard for Plaintiff's welfare, inflicted severe and permanent emotional distress on Plaintiff.

39. Defendant Police Chief negligently caused the above described injuries to Plaintiff by

failing to properly train, supervise and control the conduct of Defendant Police Officers.

40. Defendant Municipality negligently caused the above described injuries to Plaintiff by failing to properly train, supervise and control the conduct of Defendant Police Officers.

41. Defendant Municipality, as the employer of Defendant Police Officers and Police Chief is liable under the doctrine of respondeat superior for the tortious conduct of the individual Defendants.

## COUNT VI

42. Paragraphs 1 through 41 are adopted and incorporated by reference.

43. Defendant Police Officers in tasering Plaintiff several times with their Bryant Police Department issued negligently inflicted severe and permanent emotional distress on Plaintiff.

44. Defendant Municipality negligently caused the above described injuries to Plaintiff by failing to properly train, supervise and control the conduct of Defendant Police Officers.

45. Defendant Municipality negligently caused the above described injuries to Plaintiff by failing to properly train, supervise and control the conduct of Defendant Police Officers.

46. Defendant Municipality as the employer of Defendant Police Officers and Police Chief is liable under the doctrine of respondeat superior for the tortious conduct of the individual Defendants.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays that this Court:

1. award to Plaintiff compensatory damages in an amount to be determined at trial, but not less than the amount of $100,000.00, jointly and severally against Defendants for the matters alleged in this Complaint;

2. award to Plaintiff punitive damages in an amount to be determined at trial against all

Defendants except Defendant Municipality;

   3. award to Plaintiff reasonable costs and attorney's fees;

   4. grant such other and further relief as this Court deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands trial by jury in this action for all issues so triable.

Respectfully submitted,

/s/Bill Luppen
210 S. State St.
Little Rock, AR 72201
501-376-0886
Ar Bar 82 097